PEOPLE, PLAINTIFF AND APPELLEE, *v.* VERGNE DE LA CONCHA, DEFENDANT AND APPELLANT.

Appeal from the District Court of San Juan, Section 2, in a Prosecution for Violation of the Automobiles Act.

No. 1269.—Decided June 25, 1918.

AUTOMOBILES—LICENSE—COMPLAINT.—A complaint charging a person with operating a motor vehicle without paying the license fees required by law must expressly allege the failure to make such payment.

The facts are stated in the opinion.
Messrs. *J. H. Brown* and *P. A. Rivera* for the appellant.
Mr. *Salvador Mestre, fiscal,* for the appellee.
MR. JUSTICE DEL TORO delivered the opinion of the court.
The complaint, in so far as pertinent, reads as follows:

"The accused, Pedro Vergne de la Concha, unlawfully, criminally and wilfully violated the provisions of the Automobiles Act of Porto

Rico, by allowing his automobile No. 39, licensed for municipal service in San Juan and operated by chauffeur Carlos Beauchamps, No. 1959, to be employed in public service, conveying four passengers to Bayamón.''

The defendant was tried and convicted on this complaint. He appealed from the judgment and assigns as one of the errors that the complaint does not state facts constituting an offense.

Section 10 of Act No. 75 of 1916, to regulate the operation of motor vehicles, prescribes the license taxes to be paid by the owners of said vehicles. Automobiles acting as public carriers in more than one municipality are required to pay, in addition to the other taxes prescribed, $30 per annum. According to the district attorney, this is the violation with which the defendant is charged; that is, that he acted as a public carrier without first paying the tax imposed by law.

Does the complaint set up sufficient facts? In our opinion it does not. The words ''employed in public service'' are a conclusion of law. And the words which follow, ''conveying four passengers to Bayamón,'' are not sufficiently specific to justify the conclusion that the defendant acted as a public carrier. The complaint does not even allege that the *passengers were carried for hire and might refer to a casual act or to a purely incidental service. Nowhere in the complaint is it stated that the defendant had not paid the tax imposed by law, and, as may be seen from the case No. 1268, *People* v. *Vergne,* which we have just decided, that allegation is necessary.

In view of the foregoing, the judgment appealed from should be reversed and the defendant acquitted.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.